**LAW OFFICES OF VINCENT E. BAUER**
**425 MADISON AVENUE**
**NEW YORK, NY 10017**
**Tel: 212-575-1517**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JOSE SANTOS,

                                         Plaintiff,              **COMPLAINT**

        -against-

RUSS PIZZA CORP. d/b/a as
RUSS PIZZA, HECTOR VELIZ, and
FEDERICO AGUILAR,

                                         Defendants.
------------------------------------------------------------------------X

Plaintiff Jose Santos ("Plaintiff" or "Santos") by and through his attorneys, the Law Offices of Vincent E. Bauer, complaining of Russ Pizza Corp. d/b/a Russ Pizza ("Russ Pizza"), Hector Veliz ("Veliz"), and Federico Aguilar ("Aguilar"), individually (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff to recover compensation for unpaid overtime, unpaid minimum wages, unpaid spread of hours wages and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action under the Wage Theft Prevention Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

3. Plaintiff seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. §§ 216(b)(c), 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Jose Santos**

7. Plaintiff is and was at all times relevant hereto an adult individual residing in Kings County, New York.

8. From in or about 2012 to June 19, 2022, Plaintiff worked as a dishwasher, cleaner, kitchen helper, and delivery person ("Kitchen Worker") at Russ Pizza located at 745 Manhattan Ave, Brooklyn, NY 11222.

9. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant Russ Pizza.**

10. Defendant Russ Pizza is a business incorporated in the State of New York, with its principal place of business located at 745 Manhattan Ave, Brooklyn, NY 11222.

11. At all times relevant to this action, Russ Pizza was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12. On information and belief, Defendants Hector Veliz and Federico Aguilar currently own and maintain control, oversight, and direction over Russ Pizza.

13. On information and belief, Russ Pizza has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Hector Veliz**

14. Defendant Hector Veliz exercises sufficient control over Russ Pizza to be considered Plaintiff's employer under the FLSA and NYLL.

15. Defendant Hector Veliz is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Russ Pizza.

16. Defendant Hector Veliz exercises sufficient control over Russ Pizza to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

17. Defendant Hector Veliz employed Plaintiff at all times relevant.

18. Defendant Hector Veliz had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

**Defendant Federico Aguilar**

19. Defendant Federico Aguilar exercises sufficient control over Russ Pizza to be considered Plaintiff's employer under the FLSA and NYLL.

20. Defendant Federico Aguilar is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Russ Pizza.

21. Defendant Federico Aguilar exercises sufficient control over Russ Pizza to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

22. Defendant Federico Aguilar employed Plaintiff at all times relevant.

23. Defendant Federico Aguilar had substantial and operational control over Plaintiff's working conditions and the practices alleged herein

## STATEMENT OF FACTS

**Defendants' General Employment Practices**

24. Russ Pizza is a restaurant most known for selling pizzas, both for delivery and dine-in.

25. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying appropriate minimum wage, spread of hours compensation and overtime compensation as required by federal and state laws.

26. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

**Plaintiff's Employment at Russ Pizza**

27. From in or about 2012 to on or about June 19, 2021, Plaintiff worked as a Kitchen Worker at Russ Pizza.

28. In or about 2019, Defendants' Veliz and Aguilar became owners of Russ Pizza.

29. As a Kitchen Worker, Plaintiff's job duties include washing dishes, cleaning, helping with deliveries, and helping around the kitchen.

30. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

31. Throughout his employment with Defendants, Plaintiff was not compensated for overtime.

32. Throughout his employment with Defendants, Plaintiff was not compensated at the lawful New York minimum wage rate.

**Plaintiff's Work Schedule and Salary at Russ Pizza**

33. Plaintiff's work schedule was Monday through Friday from 6 p.m. until 11:00 p.m. or midnight; Saturday from 9 a.m. until midnight; Sunday from 11 a.m. until midnight.

34. Throughout his employment, Plaintiff was often scheduled to work more than ten hours per day at an hourly rate that was always below the New York minimum wage rate.

35. Throughout Plaintiff's employment with Defendants, Plaintiff was not required to clock-in or clock-out.

36. Plaintiff was paid in cash.

37. Plaintiff was not provided with a paystub when he was paid.

38. Plaintiff was paid $460 per week.

39. Plaintiff was paid at the same weekly rate regardless of hours worked beyond 40 hours per week, or straight time for overtime.

40. Defendants never paid Plaintiff overtime in compliance with the FLSA and the NYLL.

41. Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff at the lawful minimum wage rate.

42. Throughout Plaintiff's employment with Defendants, Defendants did not pay Plaintiff the spread of hours wages to which he was lawfully entitled.

**Defendants' Violations of the Wage Theft Prevention Act**

43. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

44. Throughout the relevant time period, Defendants paid Plaintiff without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

45. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per workweek.

48. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

49. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

50. Defendants' decision not to pay overtime was willful.

51. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys'

fees and costs, and such other legal equitable relief as this court deems just and proper.

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Minimum Wage

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

54. At all times relevant, Plaintiff was covered by the NYLL.

55. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

56. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

57. Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

58. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR § 142-2.2.

61. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all his overtime hours worked, in violation of the NYLL.

62. Defendants' failure to pay required overtime was willful.

63. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number

of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

67. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

70. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Russ Pizza Corp. d/b/a Russ Pizza, Hector Veliz and Federico Aguilar, as follows:

(a) Damages for the unpaid overtime wages due to Plaintiff in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(b) Damages for the unpaid overtime wages, minimum wages, spread of hours wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(c) For pre-judgment and post-judgment interest on the foregoing amounts;

(d) For the costs and disbursements of this action, including attorneys' fees; and

(e) For such other further and different relief as this Court deems just and proper.

Dated: August 29, 2022
New York, New York

                                        **THE LAW OFFICES OF VINCENT E. BAUER**

                                        */s/ Vincent E. Bauer*
                                        Vincent E. Bauer
                                        425 Madison Ave, 17th floor
                                        New York, NY 10017
                                        (212) 575-1517
                                        vbauer@vbauerlaw.com