# LAW OFFICES OF VINCENT E. BAUER

**425 Madison Avenue, 17th floor**  
**New York, NY 10017**                                                                 **Tel: 212-575-1517**

Vincent E. Bauer  
Barbara Meister Cummins

VIA ECF

July 27, 2023

Hon. Kiyo A. Matsumoto  
U.S. District Judge  
United States Courthouse  
Eastern District New York  
225 Cadman Plaza East  
Brooklyn New York 11201

Subject: Santos v. Russ Pizza Corp. et ano, Docket No. 22-cv-05201

Dear Judge Matsumoto:

    The Plaintiff in this action, along with Defendants, jointly request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is filed herewith as Exhibit 1.

    Plaintiff, a former kitchen worker with the corporate Defendant, sued for unpaid minimum wages, unpaid overtime wages, unpaid spread of hours wages and notice violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. and the New York Labor Law ("NYLL").

    Plaintiff believes that, if he were to prevail on his claims, inclusive of notice damages and liquidated damages, the total award amount would be approximately $180,000. If Defendants prevailed on their defenses, Plaintiff would be entitled to nothing.

    The settlement agreement provides that Plaintiff will receive a total of $60,000 to settle his wage and hour claims (minus applicable taxes and withholdings), and that that amount will be allocated as follows: Plaintiff will receive a total of $39,66.67 and (2) Plaintiff's counsel will receive $20,333.33, including $500 in reimbursed expenses. The foregoing settlement was reached after protracted settlement discussions.

    Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a

reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollections of his hours worked are sufficient to prove the hours that he worked, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

The settlement provides, with certainty, that Plaintiff will receive nearly all of his alleged unpaid wages. If Defendants' defense is given credence, Plaintiff would recover nothing. Given the sharp divisions in the parties' version of events, the fact that several trial witnesses would have an interest in the outcome, and the limited documentary evidence available, this range of recovery is reasonable. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.

We also believe that the amount of the settlement monies payable to Plaintiff's counsel is reasonable. In that regard, I have expended 26.5 hours in connection with this action. See accompanying time records. Applying a $600 per hour fee rate to that total would result in fees of $15,900. My paralegals who worked on this case, in all, worked 3.8 hours on the case (see accompanying time records at Exhibit 2).

Accordingly, the parties jointly request approval of the settlement agreement. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

s/

Vincent E. Bauer

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this 17 day of July, 2023, between Jose Santos ("Plaintiff") and Russ Pizza Corp. d/b/a Russ Pizza ("Russ Pizza"), Hector Veliz "Veliz"), and Federico Aguilar ("Aguilar" or collectively with Russ Pizza and Veliz "Defendants."). Plaintiff and Defendants are collectively referred to as the "Parties."

**WHEREAS** Plaintiff alleges that he was employed by Defendants as a dishwasher from in or about May 2019 to in or about June 2022; and

**WHEREAS** Plaintiff, through his counsel, Vincent E Bauer Law Offices, have filed an action in the United States District Court, Eastern District of New York ("the Court"), under Docket No. 1:22-cv-05201-KAM-RML alleging, *inter alia*, that Plaintiff is entitled to unpaid overtime, unpaid minimum wages, unpaid spread of hours wages and notice under the Fair Labor Standards Act "FLSA") and the New York Labor Law ("NYLL") for hours worked during his employment with Defendants (the "Action");

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiff in his Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties reached a settlement as the result of settlement discussions, and the Parties desire to memorialize this settlement in a writing and resolve and settle the Action as well as any and all issues relating to Plaintiff's employment relationship with Defendants in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

1. **Settlement Payment and Other Consideration**

    a. In full and final settlement of the Action, as well as any amounts Plaintiff may have the right to receive from Defendants under any agreements or under any applicable law related to employee compensation, including all claims that Plaintiff asserted or may have asserted against Defendants, and their affiliates, past and present officers, directors, owners, employees and representatives, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $60,000 (the "Settlement Sum").

    b. The Settlement Sum will be allocated as follows: $39,666.67 shall be allocated to Plaintiff, and $20,333.33 shall be allocated to Vincent E Bauer Law Offices LLP as attorneys' fees and costs.

c. The Settlement Sum shall be paid in 41 monthly installments as set forth in paragraphs 1(d) – 1(f) below.

d. First Installment Payment: Within ten (10) days of the Court granting approval of this Agreement and signing the Stipulation of Dismissal with Prejudice attached as **Exhibit A** ("the Effective Date"), Defendant shall pay an installment payment of Twenty Thousand Dollars ($20,000), apportioned as follows:

   (i) One (1) check payable to Plaintiff totaling the gross sum of Twenty Thousand Dollars ($20,000.00), to be reported on an IRS 1099 issued to Plaintiff; and mailed to Vincent E Bauer Law Offices LLP, 425 Madison Avenue, 17th Floor, New York, New York 10017.

e. Second Installment Payment: Within forty (40) days of the Effective Date, referenced in paragraph 1(b) above, Defendant shall begin paying a series of forty (40) monthly installment payments each in the amount of One Thousand Dollars ($1,000), apportioned as follows:

   (i) One (1) check payable to Plaintiff in the gross sum of four hundred ninety-one dollars and sixty-seven cents ($491.67), to be reported on an IRS Form 1099 to Plaintiff; and mailed to Vincent E Bauer Law Offices LLP, 425 Madison Avenue, 17th Floor, New York, New York 10017.

   (ii) One (1) check payable to Vincent E Bauer Law Offices LLP in the amount of five hundred eight dollars and thirty-three cents ($508.33), in connection with Plaintiff's attorneys' fees, costs, and expenses; provided Vincent E Bauer Law Offices LLP first produces a W-9 form; and mailed to Vincent E Bauer Law Offices LLP, 425 Madison Avenue, 17th Floor, New York, New York 10017.

f. All monies due and payable under this Settlement Agreement may be paid in the form of check, wire transfer, or payroll check. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiff and/or Plaintiff's counsel for any bank fees incurred as a result of the returned check(s).

g. Except as provided above, each Party shall bear the Party's own costs and fees.

2. **Release. Mutual**

   a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiff and his successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors,

2

shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's alleged employment relationship with any of the Releasees, their relationship with Defendants and the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of said Releasees, or any of them, committed or omitted prior to the date of this Agreement and Release, including without limiting the generality of the foregoing, any claim under the Fair Labor Standards Act of 1938, as amended; the New York Labor Law, as amended; the New York Hospitality Wage Order, the New York Wage Theft Prevention Act, ~~Title VII of the Civil Rights Act of 1866, 1964, and 1991, as amended; the Family and Medical Leave Act; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Consolidated Omnibus Budget Reconciliation Act; the Occupational Safety and Health Act, as amended; the Immigration Reform and Control Act, as amended; the Americans with Disabilities Act of 1990, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Sarbanes-Oxley Act of 2002, as amended; New York Code of Rules and Regulations, as amended; the New York State Human Rights Law; the New York City Human Rights Law; any claim that has been or could have been alleged in the Action; any other federal, state or local law, statute, regulation or ordinance; any public policy, contract, tort or common law claim;~~ and any claim for costs, fees or other expenses, including attorneys' fees incurred in these matters. *[RML 8/3/2023]*

b. Defendants and their successors and assigns will release, remise, acquit and forever discharge Plaintiff from any and all claims, ~~demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, arising out of or in any way connected with Plaintiff's relationship with any of Defendants, the termination of that relationship, or any other transaction, occurrence, act or omission, or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission Plaintiff committed or omitted prior to the date of this Agreement and Release.~~ *[RML 8/3/2023 — The parties mutually release each other from all claims brought in this action or for bringing this lawsuit. RML 8/3/2023]*

c. This release shall not affect or limit: (a) any claims of a Party that may arise after the date on which that Party signs this Agreement; (b) The Parties' rights to enforce the terms of this Agreement; and/or (c) any other claims that, under controlling law, may not be released by private settlement.

3

d. The Parties intend the Releases herein to be construed and interpreted broadly to the fullest extent permitted by law.

e. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

    Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as **Exhibit A**, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date"). The Court will retain jurisdiction over this case for the purpose of enforcing this Agreement.

4. **Non-Solicitation**

    Plaintiff represents that he is unaware of any other individuals who are asserting claims against defendants or who have expressed interest in joining the Action. Plaintiff further represents that his attorneys, Vincent E Bauer Law Offices LLP, including its partners and employees (collectively the "Attorneys"), have not represented, and do not currently represent, any other individuals who have brought or who are seeking to bring claims against Defendants, nor have they referred such individuals to another lawyer or firm. Plaintiff has directed his attorneys not to solicit current and/or former employees of Defendants, for the purpose of asserting claims of any nature against Defendants in any forum.

5. **Non-Admission**

    The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiff of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

6. **Successors and Assigns**

    Upon the merger or consolidation of either of the corporate defendants into or with another entity, or upon the sale of all or substantially all the assets, business, and goodwill of either of the corporate defendants, this Agreement and Release shall bind and inure to the benefit

4

of both the original corporate defendants and the acquiring, succeeding, or surviving entities, as the case may be.

7. **Applicable Law**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. **Execution in Counterparts; Facsimile signatures; Force and effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement; Neutral reference**

   a. Plaintiff agrees not to make any statement about Defendants that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites). *The parties agree that this provision shall not prevent plaintiff from making truthful statements about his experience litigation this case. RML 8/3/2023*

   b. Defendants agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame Plaintiff. Should Defendants or their agents, successors or assigns, be contacted regarding an employment reference for Plaintiff, Defendants shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendants will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

   a. The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

   b. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 16, and the breaching Party shall have five business (5) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). Failure to make scheduled payments within the cure period shall constitute a material breach and shall cause 1.5 times the declining balance of the remaining payments to Plaintiff and Plaintiff's Counsel under this Agreement to become immediately due and payable.

   c. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or any Party's performance thereunder shall be entitled to recover from the non-prevailing party its reasonable attorneys' fees,

5

disbursements, and costs, in addition to any other relief a Court deems just and proper.

10. **Entire Agreement**

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings between the Parties. There is no other agreement except as stated herein. No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiff and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiff acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

11. **Non-Waiver**

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

12. **Interpretation**

   a. Construal. Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

   b. Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

   c. Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

   d. Recitals. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

6

## 13. Representations and Warranties

a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

## 14. Notices

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

Plaintiff:
Vincent Bauer, Esq.
Vincent E Bauer Law Offices LLP
425 Madison Ave, 17th Floor
New York, NY 10017
vbauer@vbauerlaw.com

Defendants:
Robert J. Tracy, Esq.
Desiree Jamasbi, Esq.
Gibney, Anthony & Flaherty, LLP.
650 Fifth Avenue
New York, NY 10019
rjtracy@gibney.com
djamasbi@gibney.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made. No other methods of delivery are valid other than those expressly set forth above.

7

15. **Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.

_____
Jose Santos
Date:_____

Russ Pizza Corp.

_[signature]_____
By: Federico Aguilar
Title: Owner
Date: 7/20/2023

_[signature]_____
Hector Veliz
Date: 7/20/2023

_[signature]_____
Federico Aguilar
Date: 7/20/2023

8

15. <u>**Signatures**</u>

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

_/s/ Jose Santos_
Jose Santos
Date: 17-7-2023


Russ Pizza Corp.

_____
By: Federico Aguilar
Title: Owner
Date:_____

Hector Veliz
Date:_____


_____
Federico Aguilar
Date:_____

8

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE SANTOS<br><br>                Plaintiffs,<br>-against-<br><br>RUSS PIZZA CORP. d/b/a as RUSS PIZZA, HECTOR VELIZ, and FEDERICO AGUILAR,<br><br>                Defendants. | DOCKET NO. 1:22-cv-05201(KAM-RML) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

    IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff Jose Santos ("Plaintiff"), and Defendants Russ Pizza Corp. d/b/a as Russ Pizza, Hector Veliz, and Federico Aguilar ("Defendants"), that all of Plaintiff's claims in the Complaint in the above-captioned action are dismissed, <u>with prejudice</u>, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated:   July 21, 2023

| | |
|---|---|
| **VINCENT E BAUER LAW OFFICES** | **GIBNEY, ANTHONY & FLAHERTY, LLP.** |
| By: *[signature]* | By: *Robert J. Tracy* |
| Vincent E Bauer, Esq | Robert J. Tracy |
| 425 Madison Ave, 17th Floor | 650 Fifth Avenue |
| New York, NY 10017 | New York, NY 10019 |
| (212) 575-1517 | (212) 688-5151 |
| Attorneys for Plaintiff | Attorneys for Defendants |

SO ORDERED:

_____

10

# EXHIBIT 2

## Vincent Bauer

| **DATE** | **DESCRIPTION** | **HOURS** |
|---|---|---|
| 7-18-22 | Attention to complaint issues | .4 |
| 7-20 | Review complaint; emails regarding same | .9 |
| 7-21 | Review, revise complaint | .7 |
| 7-25 | Review complaint, spreadsheets; remail regarding same | .8 |
| 7-29 | Review spreadsheet | .6 |
| 8-9 | Teleconferences with client, counsel | .9 |
| 8-19 | Emails regarding settlement; prepare for same | 1.4 |
| 8-31 | Prepare and file summons and complaint | 3.2 |
| 11-21 | Teleconference with client; prepare for same | 1.4 |
| 11-22 | Prepare Court questionnaire | .3 |
| 12-12 | Teleconference with counsel; prepare rule 26 disclosures; Attention to arbitrator selection | .9 |
| 12-21 | Teleconference with mediator | .6 |
| 12-28 | Prepare discovery requests | 1.4 |
| 1-3 | Attention to spreadsheet issues | .5 |
| 1-17 | Prepare mediation statement | 2.2 |
| 1-19 | Mediation preparation | .9 |
| 3-9 | Attention to settlement | |
| 3-21 | Emails regarding mediation | .4 |
| 3-28 | Attention to settlement; prepare discovery requests | 1.4 |
| 4-18 | Review discovery requests; prepare email to counsel | .4 |
| 4-20 | Teleconferences regarding settlement | .4 |
| 4-26 | Attention to settlement | .4 |
| 5-5 | Prepare discovery responses | .8 |
| 5-8 | Prepare discovery responses | 1.8 |
| 5-16 | Teleconferences regarding settlement | .2 |
| 5-18 | Emails regarding settlement | .3 |
| 5-19 | Teleconferences regarding settlement | .4 |
| 5-23 | Attention to settlement, deposition scheduling | .4 |
| 5-30 | Teleconferences regarding settlement | .6 |

| | | |
|---|---|---|
| 6-1 | Teleconference regarding settlement | .3 |
| 6-26 | Prepare Cheeks application | 1.6 |
| | Total hours | 26.5 |

activities 2023-06-28 10-13-01

| Type | Date | Hours | Activity category | Description | Rate ($) | Billable ($) |
|---|---|---|---|---|---|---|
| TimeEntry | 07/20/2022 | 0.09 | Paralegal Fees - Alicia | Call with client about the retainer | 165.0 | 14.85 |
| TimeEntry | 11/21/2022 | 0.17 | Paralegal Fees - Alicia | Call with the client and Vin about documents, witnesses, and authority for 120k | 165.0 | 28.05 |
| | Total | 0.26 | | | | |
| TimeEntry | 01/03/2023 | 0.5 | Paralegal Fees - Corey | revise damages spreadsheet to fix OT and prejudgment interest | 200.0 | 100.0 |
| | Total | 0.5 | | | | |
| TimeEntry | 07/07/2022 | 0.24 | Paralegal Fees - Maria | Intake | 165.0 | 39.6 |
| TimeEntry | 07/14/2022 | 0.32 | Paralegal Fees - Maria | Phone call with Vin and the client | 165.0 | 52.8 |
| TimeEntry | 07/21/2022 | 0.05 | Paralegal Fees - Maria | The client signed the retainer. It was sent to Vincent Bauer | 165.0 | 8.25 |
| TimeEntry | 08/15/2022 | 0.15 | Paralegal Fees - Maria | Call with Vin and the client. | 165.0 | 24.75 |
| TimeEntry | 08/15/2022 | 0.08 | Paralegal Fees - Maria | Sent to Vin the information of the potential witnesses provided by the client. | 165.0 | 13.2 |
| TimeEntry | 11/10/2022 | 0.08 | Paralegal Fees - Maria | Photos, a video and text messages of Santos working on a Saturday were sent to Vincent Bauer | 165.0 | 13.2 |
| TimeEntry | 01/19/2023 | 0.19 | Paralegal Fees - Maria | Translated for the client the the Confidentiality Stipulation | 175.0 | 33.25 |
| TimeEntry | 01/23/2023 | 2.0 | Paralegal Fees - Maria | attended mediation | 175.0 | 350.0 |
| TimeEntry | 04/12/2023 | 0.1 | Paralegal Fees - Maria | Call with the client to ask for the name his co-workers. | 175.0 | 17.5 |
| TimeEntry | 04/20/2023 | 0.1 | Paralegal Fees - Maria | Call with the client and Vincent Bauer to talk about Settlement Authority | 175.0 | 17.5 |
| TimeEntry | 05/01/2023 | 0.39 | Paralegal Fees - Maria | Call Client to answer the interrogatories | 175.0 | 68.25 |
| TimeEntry | 05/25/2023 | 0.1 | Paralegal Fees - Maria | Call with Santos and Vincent Bauer to talk about Settlement Autorithy | 175.0 | 17.5 |
| | Total | 3.80 | | | | |